FILED
APR 07 2006
CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

RALPH E. ANDERSON, JR. and
TERESA CRISTINA TAMBURI
ANDERSON,

    Debtors.
_____/

UNISTAR PLASTICS, L.L.C. and
NATION PLASTICS, INC.,

    Plaintiff,

vs.

RALPH ERIC ANDERSON, JR. and
TERESA C. ANDERSON,

    Defendants.
_____/

Case No. 6:04-bk-05016-ABB
Chapter 7

Adv. Pro. No. 6:04-ap-00169-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Motion for Final Judgment ("Motion")[1] filed by Unistar Plastics, L.L.C. and National Plastics, Inc., the Plaintiffs herein (collectively, the "Plaintiffs"), against Ralph Eric Anderson, Jr. ("Mr. Anderson") and Teresa C. Anderson a/k/a Teresa Cristina Tamburi Anderson ("Mrs. Anderson"), the Defendants and Debtors herein (collectively, the "Debtors"). The Plaintiff seeks in its Complaint[2] to have the Debtors' discharge denied pursuant to 11 U.S.C. § 727(a) and to have a debt in the amount of $120,355.77 deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The Plaintiff requests judgment by default on its Complaint. An

---

[1] Doc. No. 38.
[2] Doc. No. 1.

evidentiary hearing on the Motion was held on March 14, 2006. Counsel for the Plaintiff appeared at the hearing. The Plaintiff was granted leave to file a closing brief and filed a Brief in Support of Final Judgment.[3] After reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Mr. Anderson was engaged in the business of selling paper and plastic shopping bags for approximately six years. The Plaintiff was Mr. Anderson's largest supplier and provided plastic bags to him on consignment. The Plaintiff provided plastic bags to Mr. Anderson by the case, with each case ranging in cost from $3.00 to $25.00 depending on the type and quality of the bags. Mr. Anderson received a variety of bag types including bags with handles, printed bags, and factory seconds with misprints or inferior handles. The volume of bags in each case would vary. Mr. Anderson sold some bags on account with customers, for cash or checks, and for barter (he would exchange bags for food items and merchandise). Mr. Anderson did not keep careful records of his sales. He defaulted on his payment obligations to the Plaintiff and the Plaintiff instituted a state court lawsuit against the Debtors, seeking replevin of plastic bags, open account damages and damages for conversion. Default judgments were entered against the Debtors by the state court.

Mr. Anderson was injured in 2003 and incurred medical debts. The Debtors filed a joint Chapter 7 case on April 30, 2004 ("Petition Date"). The Debtors do not list any business inventory or plastic bags as assets in Schedule B, nor do they list any transfers

---

[3] Doc. No. 53.

or losses of inventory in their Statement of Financial Affairs.[4] The Debtors did not return any plastic bags to the Plaintiff. The Debtors list Nation Plastics Inc. as an unsecured creditor with an undisputed claim of $87,977.00 for "Consumer Credit" in Schedule F of their Schedules.[5] They list "AF Unistar Plastics & Na" as an unsecured creditor with an undisputed claim of $120,355.87 relating to the state court judgment and "Unistar Plastics LLC" as an unsecured creditor with an undisputed claim of $9,030.00 for "Consumer Credit" in Schedule F.

The Plaintiff filed its Complaint against the Debtors contending the Debtors sold and conveyed the plastic bags to third persons without accounting for and turning over the proceeds of sale to the Plaintiff. The Plaintiff alleges the Debtors committed conversion and larceny and it suffered willful and malicious injury as a result of the Debtors' actions. The Plaintiff seeks to have the debt of $120,355.87 deemed nondischargeable. The Plaintiff also contends the Debtors' discharge should be denied because the Debtors knowingly and fraudulently made material misrepresentations in their Schedules and Statement of Financial Affairs regarding the sale of the plastic bags, concealed or failed to keep business records, and intentionally defrauded the Plaintiff.

The Plaintiff filed a Motion for Entry of Default against the Debtors for their alleged failure to respond to the Complaint.[6] The Plaintiff filed contemporaneously a Motion for Judgment by Default pursuant to Federal Rule of Civil Procedure 8(d).[7] Mrs. Anderson filed an Answer[8] denying all allegations of the Complaint. Default was entered

---

[4] Main Case Doc. No. 1.
[5] Main Case Doc. No. 1.
[6] Doc. No. 5.
[7] Doc. No. 6 (which contains an Affidavit in Support of Motion for Judgment by Default). The Plaintiff filed a Second Affidavit in Support of Motion for Judgment by Default (Doc. No. 27).
[8] Doc. No. 4.

against Mr. Anderson only by Order entered on June 9, 2005.[9] Mr. Anderson has not responded to the Complaint or the Motion, nor has he appeared before the Court in this adversary proceeding. Mr. and Mrs. Anderson have appeared for and submitted to depositions by the Plaintiff. Mrs. Anderson filed a request to be removed from the case contending the debt at issue is solely Mr. Anderson's debt.[10] The Plaintiff was directed at the conclusion of the trial to send notice within fourteen days to Mrs. Anderson if it intended to pursue a judgment against her in this adversary proceeding. The Plaintiff did not issue such notice. Mrs. Anderson shall be dismissed from this proceeding.

The Plaintiff provided plastic bags to the Debtors in 2002 and 2003 and issued invoices marked "Consignment" to "Ralph Anderson" and "Ralph Anderson, Jr."[11] The Plaintiff alleges the bags had a value of at least $130,000 and a balance of $120,355.87 remains outstanding on the invoices. The Plaintiff did not present evidence as to what efforts, if any, the Plaintiff took to investigate the warehouse facility where Mr. Anderson may have stored the bags, or if it recovered any of the bags from the warehouse. The Plaintiff did not establish the Debtors converted the bags or committed larceny. The Plaintiff did not establish the Debtors willfully and maliciously caused injury to the Plaintiff or defrauded the Plaintiff. The Plaintiff did not establish the Debtors knowingly and fraudulently made false oaths in their bankruptcy papers or concealed or failed to keep business records.

## CONCLUSIONS OF LAW

The Plaintiff seeks denial of the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3), and (a)(4) and challenges the dischargeability of the debt in the amount

---

[9] Doc. No. 30.
[10] Doc. No. 15.
[11] Doc. No. 50.

of $120,355.87 pursuant to 11 U.S.C. § 523(a)(6). It requests the entry of a judgment by default against the Debtors pursuant to Federal Rule of Civil Procedure 8(d), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7008. Entry of judgment against Mrs. Anderson is not appropriate and she will be dismissed from this proceeding.

The party objecting to a debtor's discharge or the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); Fed. R. Bankr. P. 4005 (2005). Objections to discharge are to be strictly construed against the creditor and liberally in favor of the debtor. In re Hunter, 780 F.2d 1577, 1579 (11th Cir. 1986); In re Bernard, 152 B.R. 1016, 1017 (Bankr. S.D. Fla. 1993). "Any other construction would be inconsistent with the liberal spirit that has always pervaded the entire bankruptcy system." 4 COLLIER ON BANKRUPTCY ¶523.05, at 523-24 (15th ed. rev. 2005).

Section 727(a) of the Bankruptcy Code allows for denial of a discharge where a debtor has: (i) within one year of the petition date and with the intent to hinder, delay, or defraud a creditor, transferred, removed, destroyed, mutilated, or concealed property of the debtor or the estate (§ 727(a)(2)); (ii) concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information from which the debtor's financial condition might be ascertained (§ 727(a)(3)); or (iii) knowingly and fraudulently, in or in connection with the case, made a false oath or account (§ 727(a)(4)). The Plaintiff has failed to establish the necessary elements of §§ 727(a)(2), (a)(3), and (a)(4). Denial of the Debtors' discharge is not appropriate.

Section 523(a)(6) provides a discharge pursuant to § 727 does not discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (2005). The exception of a debt from discharge pursuant to § 523(a)(6) requires a plaintiff to establish by a preponderance of the evidence the debtor deliberately and intentionally injured the creditor or creditor's property by a willful and malicious act. In re Howard, 261 B.R. 513, 520 (Bankr. M.D. Fla. 2001). The United States Supreme Court ruled in Kawaauhau v. Geiger that in order to establish the requisite willful and malicious intent of § 523(a)(6), a plaintiff must establish the injury was intentional—that the debtor intended the consequences of his or her act. The Supreme Court explained, because "willful" modifies "injury" in § 523(a)(6), nondischargeability requires conduct that inflicts an injury intentionally and deliberately, "not merely . . . a deliberate or intentional *act* that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61-2, 118A S. Ct. 974, 140 L. Ed. 2d 90 (1998).

The Plaintiff contends the Debtors converted the plastic bags and such acts were willful and malicious, causing injury to the Plaintiff. The Plaintiff has presented no evidence substantiating this allegation. The § 523(a)(6) exception to discharge requires evidence of an act by a debtor that is willful and malicious. There is no evidence the Debtors transferred, sold, or converted the plastic bags with the intention to inflict willful and malicious injury upon the Plaintiff. The existence of an unpaid balance owed to the Plaintiff and Mr. Anderson's imperfect record keeping does not establish malicious and willful injury. The Plaintiff has not established the Debtors took or engaged in any action that meets the willful and malicious standard of § 523(a)(6), as defined by the Supreme Court in Geiger.

Default judgments are disfavored by the federal courts. <u>U.S. on Behalf of Time Equip. Rental v. Harre</u>, 983 F.2d 128, 130 (8th Cir. 1993). The entry of a default judgment is ". . . committed to the discretion of the district court." <u>Hamm v. De Kalb County</u>, 774 F.2d 1567, 1576 (11th Cir. 1985). Having considered the relevant facts of this case and the Plaintiff's failure to establish the elements of 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), and 523(a)(6), the entry of a default judgment against the Debtors is not proper.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Defendant Teresa C. Anderson a/k/a Teresa Cristina Tamburi Anderson is hereby dismissed as a defendant and judgment shall be entered in favor of Teresa C. Anderson a/k/a Teresa Cristina Tamburi Anderson and against the Plaintiff; and it is further

**ORDERED, ADJUDGED and DECREED** that the Plaintiff's Motion for Judgment by Default and Motion for Final Judgment are hereby **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that a status hearing on the Complaint shall be held on May 8, 2006 at 2:00 p.m.

A separate judgment in favor of Defendant Teresa C. Anderson a/k/a Teresa Cristina Tamburi Anderson and against the Plaintiff consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 7th day of April, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge